DA 06-0468

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 135N

KELLY WATKINS,

       Plaintiff and Appellant,

  v.

BLACKIES FRESNO TAVERN and APRIL PREESHL,

       Defendants and Respondents.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                    In and For the County of Hill, Cause No. DV 04-005
                    Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Roland B. Durocher; Hartelius, Ferguson, Baker &
              Durocher, Great Falls, Montana

       For Respondents:

              Gary M. Zadick, Mary K. Jaraczeski; Ugrin, Alexander,
              Zadick & Higgins, Great Falls, Montana

                          Submitted on Briefs:  May 9, 2007

                                 Decided: June 5, 2007

Filed:

               _____
                             Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kelly Watkins appeals from the judgment of the Twelfth Judicial District Court, Hill County, in favor of defendants Blackies Fresno Tavern (Blackies) and Alice Preeshl, after a bench trial on Watkins' strict liability and negligence claims relating to injuries she sustained when Preeshl's dog bit her ear and forearms in a yard adjoining Blackies. Watkins contends the District Court erred in denying her pretrial motion in limine to exclude as irrelevant any evidence regarding whether she had permission to enter the yard, because she asserts the yard was a public place. Moreover, in relation to her strict liability claim under § 27-1-715, MCA, Watkins argues the District Court erred in determining the statutory affirmative defense of provocation applied, upon concluding that—aside from whether Watkins had permission to be in the yard—Watkins caused the dog to react by playing with the dog, grabbing for a ball in the dog's mouth and pulling on the dog's neck as the dog tried to walk away. Watkins also asserts that, barring application of § 27-1-715, MCA, the District Court erred in failing to hold the defendants liable under common law strict liability principles regarding dangerous or vicious dogs, in light of Preeshl's knowledge that the dog had bitten a

2

veterinarian approximately four years before the incident involving Watkins.

¶3     With respect to her negligence claim, Watkins argues the District Court erred in concluding that § 27-1-702, MCA, barred recovery based on the court's determination that Watkins was 90% negligent and the defendants were 10% negligent. Finally, Watkins challenges several of the District Court's findings and conclusions as irrelevant, not supported by the record, or otherwise erroneous.

¶4     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit because substantial credible evidence supports the District Court's pertinent findings, credibility determinations are within the province of the finder of fact, and the issues are clearly controlled by settled Montana law that the District Court correctly interpreted.

¶5     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE